UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANNY TODD** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 13-339** |
| | * | |
| **CANAL BARGE COMPANY, INC.** | * | **SECTION "L" (5)** |

## ORDER AND REASONS

The Court has pending before it Defendant's motion to dismiss Plaintiff's punitive damages claims as they apply to gross negligence and unseaworthiness under the general maritime law. (Rec. Doc. 17). The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons. For the following reasons, IT IS ORDERED that this motion is GRANTED.

**I.   BACKGROUND**

This case arises out of an injury that Plaintiff Danny Todd allegedly sustained while he was employed by Defendant Canal Barge Company, Inc. as a Jones Act seaman. According to Todd, on November 9, 2012, he experienced "serious painful injuries to his back and other parts of his body" while he was working aboard M/V ELIZABETH LANE. (Rec. Doc. 1). Todd alleges that Canal Barge, the owner and operator of M/V ELIZABETH LANE, was negligent[1]

---

[1] Todd's complaint reads:
>On information and belief, Plaintiff alleges that the sole and proximate cause of the above-described accident was the negligence of CANAL BARGE in the following non-exclusive respects: 1. Breach of a legally imposed duty of reasonable care owed by the Defendant to the plaintiff; 2. Failure to provide a reasonably safe place to work; 3. Failure to properly train and supervise plaintiff; 4. Failure to take any means or precautions for the safety of defendant's

1

and that as a result of this negligence Todd was rendered unfit for duty.  Todd asks to be compensated for pain and suffering, lost wages, lost earning capacity, medical expenses, and "all other special and general damages as will be shown at the trial of this matter."  (Rec. Doc. 1 at 3).  In addition, Todd claims that Canal Barge has an "absolute and nondelegable duty to provide plaintiff with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved."  (Rec. Doc. 1 at 3).  Further, Todd asks for punitive damages for any arbitrary and/or unreasonable failure of Canal Barge to pay maintenance and cure benefits.  Lastly, he seeks punitive damages for any gross negligence of Canal Barge, or unseaworthiness of the vessel as may be allowed under general maritime law.  (Rec. Doc. 1 at 4).

## II.    PRESENT MOTION

On August 20, 2013, Canal Barge filed a motion to dismiss Todd's punitive damages claims as they apply to his allegations of gross negligence and unseaworthiness.  (Rec. Doc. 17). Canal Barge argues that "a seaman may not recover punitive damages for negligence under the Jones Act or for unseaworthiness under the General Maritime Law under *Miles v. Apex* and its progeny...."  (Rec. Doc. 17 at 2).  Accordingly, Canal Barge asks the Court to dismiss Plaintiff's punitive damage claim for any alleged gross negligence or unseaworthiness associated with the accident.[2]

---

employees, including plaintiff; 5. Creation and maintenance of an unseaworthy vessel; 6. Failure to provide minimum safety requirements; 7. Failure to provide adequate equipment for the job in question; 8. Failure to provide adequate personnel for the job in question; 9. Other acts of negligence and unseaworthiness which will be shown at the trial of this matter."  (Rec. Doc. 1 at 2).

[2]Canal Barge does not address Todd's claims for maintenance and cure, nor his claims for punitive damages associated with his maintenance and cure claims.

In opposition, Todd argues that a seaman may bring a claim for punitive damages under general maritime law, even if such a claim is barred by the Jones Act. According to Todd, "[i]n recent years the United States Supreme Court has clearly held that punitive damages are recoverable under general maritime law." (Rec. Doc. 19 at 3). Todd argues that the applicability of punitive damages in the present case should be governed by the Supreme Court's decision in *Atlantic Sounding v. Townsend*, 557 U.S. 404 (2009). There, the Court held that a seaman was entitled to seek punitive damages under general maritime law for an employer's "willful and wanton disregard of the maintenance and cure obligation." *Id*. at 424. Todd would extend this concept to his injury claims resulting from gross negligence or unseaworthiness.

## III.   LAW & ANALYSIS

### 1.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to file a motion to dismiss for "failure to state a claim upon which relief can be granted...." When a court considers a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To avoid dismissal, a plaintiff must plead sufficient facts to 'state a claim to relief that is plausible on its face.'" *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Bell Atl. Corp.* 550 U.S. at 570). A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

*2.     Punitive Damages Under the Jones Act and General Maritime Law*

The Jones Act was enacted in 1920. It provides:

> A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, against the employer. Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section.

46 U.S.C.A. § 30104. The act makes the substantive recovery provisions of the Federal Employers Liability Act (FELA), 45 U.S.C. § 51, applicable to seamen. *See Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 427 (2009) (Alito, J., dissenting). Prior to the enactment of the Jones Act, the Supreme Court had addressed the issue of damages recoverable under FELA. The Court found that "an injured worker may recover only compensatory damages" under FELA. *Id.* (citing *St. Louis, I.M. & S.R. Co. v. Craft*, 237 U.S. 648, 658 (1915)); *see also Miller v. Am. President Lines, Ltd.*, 989 F.2d 1450, 1457 (6th Cir. 1993) ("It has been the unanimous judgment of the courts since before the enactment of the Jones Act that punitive damages are not recoverable under the Federal Employers' Liability Act."). Because this limitation on damages was well established at the time Congress incorporated FELA into the Jones Act, the Supreme Court has concluded that "Congress must have intended to incorporate the pecuniary limitation on damages as well." *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990).

Accordingly, the Supreme Court in *Miles v. Apex Marine Corp.* held that a general maritime action for wrongful death of a Jones Act seaman did not allow recovery for loss of society which is a non-pecuniary type of damage. *Id.* at 33. The Court reasoned that because recovery under the Jones Act is limited to pecuniary damages, "[i]t would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a

judicially created cause of action...," namely a cause of action based on the general maritime law. *Id. at 32*. The Court explained that "[m]aritime tort law is now dominated by federal statute, and we are not free to expand remedies at will simply because it might work to the benefit of seamen and those dependent upon them." *Id.* at 36.

Several years after *Miles*, the Fifth Circuit was confronted with a similar question – whether a Jones Act seaman or his survivors could recover non-pecuniary damages under the general maritime law from a non-employer third party. *See Scarborough v. Clemco Indus.*, 391 F.3d 660, 663 (5th Cir. 2004). The Fifth Circuit, interpreting the Supreme Court's decision in *Miles*, found that it would be improper to allow the surviving spouse and heirs of a Jones Act seaman to recover non-pecuniary damages under the general maritime law when Congress has disallowed the recovery of identical damages in a Jones Act suit. *Scarborough*, 391 F.3d at 668. According to the Fifth Circuit, "*Miles* plainly limits recovery [in such cases] to pecuniary damages." *Id.*

While neither *Miles* nor *Scarborough v. Clemco Industries* dealt specifically with punitive damages, many courts interpreted *Miles* as precluding seamen plaintiffs from recovering punitive damages under both the general maritime law and the Jones Act since such damages are non-pecuniary in nature. *See Wagner v. Kona Blue Water Farms, LLC*, 2010 U.S. Dist. LEXIS 95949 (D. Haw. 2010) (citing *Guevara v. Mar. Overseas Corp.*, 59 F.3d 1496, 1506 (5th Cir. 1995); *Horsley v. Mobil Oil Corp.*, 15 F.3d 200, 202 (1st Cir. 1994); *Miller*, 989 F.2d at 1454-59; *Anderson v. Texaco, Inc.*, 797 F.Supp. 531, 534 (E.D. La. 1992) ("[T]he *post-Miles* district court cases, in this district and in other [districts], speak with one voice in concluding that punitive damages are non-pecuniary and, therefore, are not recoverable [by Jones Act

5

seamen] under *Miles'* interpretation of the Jones Act.")).

In 2009 the Supreme Court decided a case that has caused confusion among various courts regarding the current effect of *Miles* on the applicability of punitive damages in claims brought under the general maritime law. In *Atlantic Sounding v. Townsend*, 557 U.S. 404 (2009), the Supreme Court held that a seaman was entitled to seek punitive damages under general maritime law for his employer's alleged "willful and wanton disregard of the maintenance and cure obligation." *Id.* at 424. The Court explained that the Jones Act "created a statutory cause of action for negligence, but it did not eliminate pre-existing remedies available to seamen for the separate common-law cause of action based on a seaman's right to maintenance and cure." *Id.* at 415. The Court concluded that "nothing in *Miles* or the Jones Act eliminates that availability." *Id.* at 407.

The issue presented by the present case is whether the *Atlantic Sounding* decision is limited to maintenance cases or whether it pertains to all claims brought under the general maritime law, particularly those seeking recovery for gross negligence and unseaworthiness.

Plaintiff wants this Court to read the Supreme Court's holding in *Atlantic Sounding* broadly to include all claims brought under the general maritime law, including claims based on gross negligence and unseaworthiness. This result would be inconsistent with *Miles,* and the Court in *Atlantic Sounding* emphasized that "[t]he reasoning of *Miles* remains sound." *Id.* at 420.

*Atlantic Sounding* did not overrule *Miles*. *Miles* is still good law. Therefore, a way must be found to determine the scope of punitive damages in general maritime law by giving both cases effect. An analysis of the difference between the theoretical basis of a maintenance and

cure claim on the one hand and a gross negligence and unseaworthiness claim on the other may provide an acceptable answer.

A claim for maintenance and cure is based on the contract of employment between a seaman and his or her employer. If a seaman becomes ill or injured in the course of employment the seaman is entitled to receive the reasonable cost of food and lodging and medical treatment until maximum cure is achieved. *See* Robert Force & Martin J. Norris, *The Law of Seamen*, §26:2 (5th ed. 2012); *see also Atlantic Sounding Co.,* 557 U.S. at 413 (citing *The Osceola*, 189 U.S. 158, 175 (1903)). The maintenance and cure claim is not dependant on negligence or fault. *See The Osceola*, 189 U.S. at 175 ("[T]he law may be considered as settled upon the following propositions...[t]hat the seaman...is entitled to maintenance and cure, whether the injuries were received by negligence or accident.").

Gross negligence on the other hand is a tort-based concept. Congress passed the Jones Act to give seamen a tort-based claim for negligence. *See Miles*, 498 U.S. at 29. There is nothing to indicate that Congress did not intend to include gross negligence in the Jones Act remedy. Therefore, it is reasonable to assume that gross negligence, like ordinary negligence, is recoverable under the Jones Act. In *Miles* the Supreme Court concluded that since Congress gave seamen a negligence remedy by the Jones Act, it would be improper for judge-made general maritime law to expand the scope of the congressional bestowed seaman's remedy. *Id.* at 32. Thus any negligence remedy that a seaman may have under the general maritime law is limited to the scope of the Jones Act.

Likewise, *Miles* concluded that it would be improper to allow greater recovery under the general maritime law for unseaworthiness than for negligence. *Id.* This result was likely

prompted by the fact that recovery under the Death on the High Seas Act for either negligence or unseaworthiness is limited to pecuniary damages. *Id.* To allow the general maritime law to give a greater remedy when the Jones Act is applicable than when the Death on the High Seas Act is applicable would mean that if the incident giving rise to the claim occurred within three miles from the shore, recovery would be greater than if the incident occurred more than three miles from shore. Such a result would destroy uniformity in maritime law, which is something courts have been reluctant to do. *Id.* ("Our decision also remedies an anomaly we created in *Higginbotham*. Respondents in that case warned that the elimination of loss of society damages for wrongful deaths on the high seas would create an unwarranted inconsistency between deaths in territorial waters, where loss of society was available under *Gaudet*, and deaths on the high seas.... Today we restore a uniform rule applicable to all actions for the wrongful death of a seaman, whether under DOHSA, the Jones Act, or general maritime law."). Thus, *Miles* limited a Jones Act seaman's recovery under the general maritime law for unseaworthiness to pecuniary damages.

In an effort to give effect to both *Miles* and *Atlantic Sounding,* it is reasonable to conclude that the holding in *Atlantic Sounding* is limited to the quasi-contract claims for maintenance and cure and is not applicable to the tort claims for gross negligence or unseaworthiness, which are dealt with by either the Jones Act or Death on the High Seas Act. Therefore, the Plaintiff's claims under the general maritime law for punitive damages for gross negligence and unseaworthiness in the present case must be dismissed since they are non-pecuniary.

It should be acknowledged, however, that this result creates an interesting anomaly. The

Jones Act was enacted "for the benefit and protection of seamen who are peculiarly the wards of admiralty.  Its purpose was to enlarge that protection, not to narrow it."  *The Arizona v. Anelich*, 298 U.S. 110, 123 (1936).  Yet under the present state of the law, nonseamen who are not covered by the Jones Act may now be afforded greater protection than seamen under general maritime law, a law that was created and nurtured for the benefit of seamen.  *See Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 215 (1996) (explaining that while Congress has created a comprehensive tort recovery regime for wrongful death of seamen, which precludes judicial enlargement of damages, "Congress has not prescribed remedies for the wrongful deaths of nonseafarers in territorial waters" ).  Nevertheless, that is the current state of the law.

## IV.   CONCLUSION

Accordingly, IT IS ORDERED that Defendant's motion to dismiss Plaintiff's punitive damage claim for negligence and unseaworthiness (Rec. Doc. 17) is GRANTED.

New Orleans, Louisiana, this 24th day of September, 2013.

_____
UNITED STATES DISTRICT JUDGE